Sophia B. Collins, SBN 289318
scollins@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Fax No.:    925.946.9809

Anthony Ly, SBN 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone: 310.553.0308
Fax No.    310.553.5583

Yuri Choy, Bar No. 257811
ychoy@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2431
Telephone: 408.998.4150
Fax No.:    408.288.5686

Attorneys for Defendant
THE COCA-COLA COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE FRITCH, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Complaint Filed:    February 1, 2023<br>Trial Date:    None Set |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF NICOLE FRITCH AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE COCA-COLA COMPANY ("Defendant") hereby removes the action filed by Plaintiff NICOLE FRITCH ("Plaintiff") captioned NICOLE FRITCH v. THE COCA-COLA COMPANY, and DOES 1 through 50, inclusive, pending before the Superior Court of the State of California for the County of Orange, Case No. 30-2023-01305257-CU-OE-CXC, to the United States District Court for the Central District of California.  This removal is based on 28 U.S.C. §§ 1332, 1441, and 1446.  Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the Superior Court, County of Orange.

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions under United States Code, Title 28 § 1446.  This case meets all CAFA's requirements for removal as set forth below and properly removed by filing this Notice of Removal.

2.    This Court has also original jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Defendant may remove this matter to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

## II.    PROCEDURAL BACKGROUND

3.    On February 1, 2023, Plaintiff commenced this action by filing a complaint in the Superior Court of California, County of Orange styled: Nicole Fritch, an individual, on behalf of herself and on behalf of all persons similarly situated v. The Coca-Cola Company, a Corporation; and DOES 1 through 50, inclusive, Case No. 30-2023-01305257-CU-OE-CXC ("Complaint" or "Compl."). (Declaration of Sophia Collins ["Collins Decl."], ¶ 2, Exh. A.)  The Complaint asserts thirteen causes of action: (1) Unfair Competition in Violation of California Business and Professions Code §§ 17200, et seq.; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Wages; (4) Failure to Provide Required Meal Periods; (5) Failure to Provide Required Rest Periods; (6) Failure to Provide Accurate Itemized Statements; (7) Failure to Reimburse Employees for Required Expenses; (8) Failure to Provide Wages When Due; (9) Failure to Pay Sick Pay Wages; (10) Discrimination and Retaliation; (11) Failure to Engage in the Interactive Process; (12) Failure to Provide Reasonable Accommodation; and (13) Wrongful Termination in Violation of Public Policy. (*Id.*)

4.    On March 3, 2023, Plaintiff served Defendant's agent for service of process with Plaintiff's Complaint along with a Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Information Package. (*Id.* at ¶ 6, Exh. E.)

5.    Under 28 U.S.C. section 1446(d), Exhibits A-G to the Collins Declaration constitutes all process, pleadings, and orders served upon Defendant or filed or received by it in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court. (*Id.* at ¶ 9.)

///

///

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

## III.   REMOVAL PROCEDURE

### A.   Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days

6.     An action may be removed from state court by filing a notice of removal, with a copy of all process, pleadings, and orders served on the defendant, within thirty days of service of this initial pleading, and within one-year of the commencement of the action. 28 U.S.C. § 1446(a), (b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).   Removal is timely because this Notice was filed within thirty days from March 3, 2023, when Defendant was served with the Complaint. (*See* Collins Decl., ¶ 6, Exh. E; *see also* 28 U.S.C. § 1446(b).)   As referenced above, this Notice also contains all process, pleadings, and orders that Plaintiff served on Defendant. (*See* Collins Decl. at ¶¶ 2-9, Exh. A-G.)

### B.   Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.

7.     Venue is proper in this Court because Plaintiff originally filed this action in Orange County Superior Court, located within the District and Division of this Court. 28 U.S.C. §§ 84(c)(3), 1441(a), and 1446(a).

## IV.   REMOVAL JURISDICTION UNDER CAFA

### A.   This Court Has Original Jurisdiction Under CAFA

8.     This Court has jurisdiction over this action under CAFA because: (1) Plaintiff filed a class action on behalf of a class with over 100 putative class members; (2) at least one member of Plaintiff's class is a citizen of a state different than Defendant; and (3) the amount in controversy exceeds five million dollars, exclusive of interest and costs. 28 U.S.C. § 1332(d).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.   As set forth below, this case meets each CAFA requirement for removal.

///

///

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

### B.    Diversity Exists Because Plaintiff Is A California Citizen And Defendant Is A Citizen Of Delaware And Georgia

9.    CAFA diversity jurisdiction exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A).  Diversity of citizenship exists here because Plaintiff is a citizen of California and Defendant is a citizen of different states—Georgia and Delaware.

### 1.    Plaintiff Is A Citizen Of California.

10.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) *(citing Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.*

11.    Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (*citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Further, employment in a state is evidence of domicile in that state. *See Lew v. Moss*, 797 F2d 747, 750 (1986).  At all relevant times pertinent to this lawsuit, Plaintiff maintained an address in California. (Declaration of Dawn Kopra ("Kopra Decl.") ¶ 8.)  Plaintiff was employed by Defendant in the State of California. (*Id.; see Complaint,* ¶ 3.)  When Plaintiff filed her Complaint, she resided in the State of California, and was domiciled in and was a citizen of the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also, District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary").

12.    Moreover, there are members of the putative class[1] who are also citizens

---

[1] Defined by Plaintiff as "all individuals who are or previously were employed by Defendant in California, including any employees staffed with Defendant by a third party, and classified as non-exempt employees . . . at any time during the period beginning four (4) years prior to the filing of

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

of California.  From February 1, 2023 through the present, several putative class members maintain addresses in California and work for Defendant in the State of California.  28 USC 1332(d)(2)(A); 28 U.S.C. §1332(d)(7).  (Kopra Decl., ¶ 9.)

### 2.    Defendant Is A Citizen Of Delaware And Georgia.

13.    For diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  At all times since at least February 1, 2023 through the present, Defendant was, and continues to be, a corporation organized under the laws of the State of Delaware. (Kopra Decl. ¶ 2.)  To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a defendant's principal place of business is where its officers direct, control, and coordinate its activities. *Id.*  At all times since at least February 1, 2023 through the present, Defendant's principal place of business is in Atlanta, Georgia, where its corporate offices and headquarters are located. (Kopra Decl. ¶ 2.)  Defendant's corporate officers work at its headquarters in Atlanta, Georgia, and they direct, control and coordinate activities for Defendant while based in Atlanta, Georgia.  Defendant intends to keep its principal place of business in Georgia. (Kopra Decl. ¶ 2.)  A person's state residency is also "her domicile, her permanent home, where she resides with the intention to remain or [if not there in the state currently] the state to which she intends to return." *Kanter*, 265 F.3d at 857. Defendant is therefore a citizen of Delaware and Georgia, where it is incorporated and where it has its principal place of business.

14.    For purposes of removal, the citizenship of doe defendants is

---

this Complaint and ending on the date as determined by the Court. "  (Exh. A, Compl. at ¶ 4.) Defendant denies Plaintiff's allegation that the alleged claims are appropriate for class treatment.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

1    disregarded and only named defendants are considered. 28 U.S.C. § 1441(b)(1); *see*

2    *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).    Therefore, the

3    defendants designated as DOES I through 25 are fictitious defendants, are not parties

4    to this action, have not been served, and are to be disregarded for purposes of this

5    removal. 28 U.S.C. § 1441(a), (b).

6          **C.    The Proposed Class Contains At Least 100 Members.**

7          15.    CAFA provides this Court with jurisdiction over a class action when

8    "the number of members of all proposed plaintiff classes in the aggregate [is not] less

9    than 100." 28 U.S.C. § 1332(d)(5)(B).    CAFA defines "class members" as those

10   "persons (named or unnamed) who fall within the definition of the proposed or

11   certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

12         16.    Plaintiff seeks to represent "all individuals who are or previously were

13   employed by Defendant in California, including any employees staffed with

14   Defendant by a third party, and classified as non-exempt employees . . . at any time

15   during the period beginning four (4) years prior to the filing of this Complaint and

16   ending on the date as determined by the Court". (Exh. A, Compl. at ¶ 4.)    From

17   February 1, 2019 to February 25, 2023, Defendant employed approximately 867

18   persons in non-exempt positions in California. (Kopra Dec. ¶ 4.)    Of those 867

19   persons employed, 784 employees had at least one pay period of payroll data with

20   time worked. (*Id.*)    This satisfies CAFA's numerosity requirement. 28 U.S.C. §

21   1332(d)(5)(B).

22         **D.    The Amount In Controversy Exceeds Five Million Dollars Based On
          The Damages and Statutory Penalties Sought By Plaintiff.**

23

24         17.    CAFA requires the "matter in controversy" to exceed "the sum or value

25   of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).    To remove a

26   case from a state court to a federal court, a defendant must file a notice of removal

27   containing a short and plain statement of the grounds for removal. *Dart Cherokee*

28   *Basin Operating Company LLC v. Brandon W. Owens*, 135 S. Ct. 547, 551 (2014).

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

1   When a plaintiff's complaint does not state the amount in controversy, defendant's

2   notice of removal must simply include "a plausible allegation that the amount in

3   controversy exceeds the jurisdictional threshold." *Id.* at 554; *Ibarra v. Manheim*

4   *Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (same, quoting *Dart*).

5   Evidence establishing the amount in controversy is only required when plaintiff

6   contests, or the court questions defendant's allegations. *Dart*, 135 S. Ct. at 551.

7   Otherwise "the defendant's amount-in-controversy allegation should be accepted"

8   just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff

9   invokes federal court jurisdiction. *Id.* at 553.

10      18.    "The claims of the individual class members shall be aggregated to

11   determine whether the matter in controversy exceeds" this amount. 28 U.S.C. §

12   1332(d)(6). "In measuring the amount in controversy, a court must assume that the

13   allegations of the complaint are true and that a jury will return a verdict for the

14   plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan*

15   *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate

16   inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what

17   a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986

18   (S.D. Cal. 2005); *see also Ibarra*, 775 F.3d at 1198 n. 1 (explaining that even when

19   the court is persuaded the amount in controversy exceeds $5 million, defendants are

20   still free to challenge the actual amount of damages at trial because they are only

21   estimating the damages in controversy).

22      19.    Defendant denies the validity and merits of Plaintiff's claims, the legal

23   theories upon which they are purportedly based, the claims for monetary and other

24   relief that flow from them, and that this case or any of Plaintiff's claims are

25   appropriate for class treatment.  But based on Plaintiff's allegations, and assuming

26   the alleged facts and legal theories are all true, the amount in controversy exceeds

27   five million dollars even without considering the amount in controversy for all claims

28   alleged.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

20.     Plaintiff alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.* (Ex. A, Complaint at ¶¶ 48-62). Alleging a UCL violation extends the statute of limitations on Plaintiff's wage and hour claims from three years to four years from the filing of the Complaint, or going back to February 1, 2019. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

**1.     There Is More Than Ten Million In Controversy For The Rest Break Claim Alone, Or, Even Conservatively Estimated, At Least Two Million In Controversy Based On Plaintiff's Meal And Rest Break Claims.**

21.     Plaintiff's fourth and fifth causes of action assert that Defendant is liable for not providing meal and rest periods. (Exh. A, Compl. at ¶¶ 92-99.) California law requires employers to provide paid 10-minute rest breaks for each four hours worked, or major fraction thereof, and 30-minute meal periods at prescribed times. *See* Industrial Welfare Commission Wage Order No. 4; Cal. Lab. Code §§ 226.7, 512. An employer who fails to provide a meal or rest period is liable for "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(b). Here, Plaintiff and the putative class "may recover up to two additional hours of pay on a single work day for meal period and rest period violations—one for failure to provide a meal period and another for failure to provide a rest period." *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th 57, 70 (2011). The amount in controversy as it relates to Plaintiff's fourth and fifth causes of action will be calculated by:

Hourly Rate x Number of Alleged Unpaid Rest Breaks + Hourly Rate x Number of Alleged Unpaid Meal Breaks.

a.     <u>Hourly Rate</u>. The average regular rate of pay for the 784 employees from February 1, 2019 to February 25, 2023 is $28.06 per hour. (Kopra

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

1  Decl. ¶ 4.)

2      b.    <u>Number of alleged unpaid meal and rest breaks</u>.  From February

3  1, 2019 through February 25, 2023, the putative class members worked

4  approximately 77,662 workweeks. (Kopra Decl. ¶ 4.)  As an initial matter, Plaintiff

5  alleges that the putative class was never provided compliant rest breaks because,

6  "DEFENDANT'S policy restricted PLAINTIFF and other CALIFORNIA CLASS

7  Members from unconstrained walks and is unlawful based on DEFENDANT's rule

8  which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave

9  the work premises during their rest period." (Exh. A, Compl. at ¶ 12.)  Assuming for

10  purposes of removal only that Defendant's rest break policy failed to provide any rest

11  breaks as alleged, the amount in controversy for the rest period claim alone is

12  approximately over $10,890,000.

13      22.    Putting the above aside, Plaintiff also alleges that "Defendant from time

14  to time failed to provide all the legally required off-duty meal breaks" and "these

15  employees from time to time were denied their first rest periods". (Exh. A, Compl.

16  at ¶¶ 93, 97.)  Where a plaintiff does not assert a uniform policy and practice of

17  violations, courts have held that an employer need make only a reasonable

18  assumption on its estimate of violations. *See Ibarra v. Manheim Investments, Inc.*,

19  775 F.3d 1193, 1198-99 (9th Cir. 2015); *Oda v. Gucci Am, Inc.*, 2015 WL 93335, at

20  *5-6 (C.D. Cal. Jan. 7, 2015) (reasonable to apply a 50% rate of violation where

21  plaintiff alleged that class members "sometimes did not receive all of their meal

22  periods in a lawful fashion" and that "not all rest periods were given timely, if at

23  all").  Here, assuming just a 10% violation rate for meal and rest breaks (*i.e.*, one

24  meal period violation in 10 workdays and one rest period violation in 10 workdays),

25  the amount in controversy related to these two claims is at least approximately

26  **$2,179,195.72** [$28.06 per hour x 77,662 workweeks x 5 days per week x 10%

27  violation rate x 2 (one meal break and one rest break)].

28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

### 2.    There Is At Least $1.7 Million In Controversy Based On Plaintiff's Wage Statement Claims.

23.    Plaintiff's sixth cause of action alleges Defendant violated Labor Code section 226 by failing to provide accurate itemized wage statements. (Exh. A, Compl. at ¶¶ 100-103.)  Plaintiff alleges that Defendant failed to provide wage statements that accurately provided the information required by section 226(a), including the gross and net wage earned, applicable hourly rates, and total hours worked each pay period. (*Id.* at ¶¶ 14, 102.)  Plaintiff also alleges that the wage statements fail to "list[] all the requirements under California Labor Code 226 *et seq.*"  (*Id.* at ¶ 14.)  This claim is based in part on Plaintiff's allegations that Defendant implemented a purported policy that improperly rounded work time, a purported practice that required putative class members to work off the clock, and Defendant failed to provide rest periods by unlawfully requiring employees to remain on premises during rest breaks:

> DEFENDANT, as a matter of established company ***policy*** and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.

> DEFENDANT engages in the ***practice*** of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clocking that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday.

> DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

(*Id.* at ¶¶ 8, 12, 63, 68-70, 96, 98 (emphasis added).)

24.    Based on the above allegations of a policy and practice, a 100% wage statement violation rate is reasonable because every wage statement is inaccurate and

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

11

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

subject to penalties. *See Sanchez v Abbott Laboratories*, 2021 WL 2679057, at *6 (E.D. Cal. June 29, 2021). The statutory penalty for such a violation is $50 for the first pay period, and $100 for each subsequent pay period, up to a total maximum penalty of $4,000. *See* Lab. Code § 226(e). Section 226(e) has a one-year statute of limitations. *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007). There are 784 putative class members who have received wage statements since February 1, 2022. (Kopra Decl. ¶ 4.) There were 18,076 pay periods from February 1, 2022 to February 25, 2023. (*Id.*) Applying the statutory penalties for the pay periods as to each employee, the amount in controversy as to Plaintiff's sixth cause of action is calculated by: 784 putative class members x $50 penalty for the initial wage statement violation + 17,292 pay periods x $100 penalty for each subsequent pay period = $1,768,400. Thus, the amount in controversy for Plaintiff's failure to provide accurate wage statements claim is **$1,768,400**.

### 3. There Is At Least Seven Hundred And Fifty Thousand In Controversy Based On Plaintiff's Expense Reimbursement Claim

25.    Plaintiff's seventh cause of action alleges failure to reimburse employees for required expenses. (Exh. A, Compl. at ¶¶ 104-107.) Plaintiff alleges that Defendant's policy and practice was not to reimburse the putative class members for expenses resulting from using their personal cellular phones and home offices within the course and scope of their employment for Defendant. (*Id.* at ¶ 106.) Plaintiff demands reimbursement for expenditures or losses incurred by herself and the putative class members with interest at the statutory rate and costs under California Labor Code section 2802. (*Id.* at ¶ 107.) The putative class members worked approximately 77,662 weeks from February 1, 2019 to February 25, 2023. (Kopra Decl. ¶ 4.) Assuming a reasonable weekly expense of $10, the amount in controversy on this claim is approximately **$776,620.00** [77,662 weeks x $10 per week].

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

12

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

### 4. There Is At Least $2.4 Million In Controversy Based On Plaintiff's Waiting Time Penalty Claims.

26.     Plaintiff's eighth cause of action alleges waiting time penalties for Defendant's failure to pay final wages when due. (Exh. A, Compl. at ¶¶ 108-115.) California Labor Code section 203 provides for one-day's wages for each day an employee who has separated from his or her employment is not paid all wages owed, up to thirty days of wages. *See* Cal. Labor Code § 203.  Section 203 has a three-year statute of limitations. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). Here, the three-year statute of limitations places waiting time penalties since February 1, 2020 in controversy.   Since February 1, 2020, 359 putative class members' employment have ended with Defendant. (Kopra Decl. ¶ 4.)  Assuming an eight-hour shift, the amount in controversy as it relates to this cause of action is **$2,417,649.60** [359 former employees x $28.06 per hour (average regular rate of pay) x 8 hours per day x 30 days].

### 5. Plaintiff's Attorneys' Fees Increases The Amount In Controversy By $1.7 Million

27.     Plaintiff seeks attorneys' fees and costs in her Complaint, which must also be considered in determining whether the jurisdictional limit is met. (Exh. A, Compl., Prayer for Relief.)   Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy.   *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

28.     In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty-three percent of a settlement or judgement. *See, e.g., McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 617 (2010) (noting attorneys' fees paid

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

in settlement of $1.6 million); *Vasquez v. Cal.*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1216–18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,500 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *c.f.*, *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

29.    The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees award twenty-five percent of the common fund recovery.").

30.    As explained above, based on Plaintiff's allegations and the causes of action asserted, Plaintiff has placed approximately $7,141,865.32 in controversy. Taking into account attorneys' fees at the benchmark percentage of 25% further increases the amount in controversy.  The Court should therefore consider attorneys' fees of at least $1,785,466.33 for a total amount in controversy of $8,927,331.65.

### 6.    There Is At Least $8.9 Million In Controversy, Well Over The Jurisdictional Minimum.

31.    As explained above, Plaintiff's rest break claim alone, as alleged, places more than ten million in controversy, which well exceeds the minimum required under CAFA.  However, even putting aside Plaintiff's contention that all rest breaks

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

14

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

were not provided, a conservative estimate of the aggregate amount exceeds the $5 million jurisdictional minimum, as follows:

| Plaintiff's Cause of Action | Amount in Controversy |
|---|---|
| Meal and Rest Break Premiums | $2,179,195.72 |
| Wage Statement Penalties | $1,768,400 |
| Expense Reimbursements | $776,620.00 |
| Waiting Time Penalties | $2,417,649.60 |
| Attorneys' Fees | $1,785,466.33 |
| **Total** | **$8,927,331.65** |

32.  The above total amount in controversy does not even account for the damages sought by Plaintiff for her claims for unpaid minimum wages, overtime wages, or sick pay wages.  Therefore, it is without question that Plaintiff's Complaint places the "amount in controversy" well over the jurisdictional minimum of $5 million under CAFA. 28 U.S.C. § 1332(d)(2).

## V.  DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

33.  This Court also has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) ("Section 1332").  This case may be removed pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy for Plaintiff's individual claims exceed the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal.

### A.  Complete Diversity Of Citizenship Exists

34.  As explained above, Plaintiff and Defendant are citizens of different states. *See* ¶¶ 10-13, *supra*.

35.  For purposes of removal, the citizenship of doe defendants is

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

15

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

disregarded and only named defendants are considered. 28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). Therefore, the defendants designated as DOES I through 25 are fictitious defendants, are not parties to this action, have not been served, and are to be disregarded for purposes of this removal. 28 U.S.C. § 1441(a), (b).

### B.    The Amount In Controversy Exceeds $75,000.

36.    Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Here, the Complaint does not indicate a total amount of damages Plaintiff seeks to recover on her individual claims. Consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

37.    In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in their complaint. *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001. The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986. In determining the amount in controversy, the Court may consider damages awarded in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

38.    Here, in addition to Plaintiff's wage and hour claims addressed above, Plaintiff's Complaint alleges four additional individual causes of action ("disability claims"): (1) discrimination and retaliation in violation of FEHA; (2) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (3)

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

16

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

failure to provide reasonable accommodation in violation of Cal. Gov. Code § 12940(m); and, (4) wrongful termination in violation of public policy. (*See* Exh. A, Complaint.)  Although Defendant denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

### 1. There Is Approximately $300,000 In Controversy Based On Plaintiff's Individual Disability Claims (Causes of Action 10 through 13)

39.     Should Plaintiff prevail on her disability claims, she potentially could recover lost wages and benefits through the date of trial, as alleged in her Complaint. (Exh. A, Complaint Prayer for Relief ¶ 3.)  Plaintiff was employed by Defendant as a full-time employee, who was scheduled to work 40 hours a week. (Kopra Decl. ¶ 6.)  At the end of Plaintiff's employment with Defendant, Plaintiff's hourly rate of pay was $30.5757. (*Id.* at ¶ 6.)  Plaintiff's employment ended on February 4, 2022. (*Id.* at ¶ 7.)  If Plaintiff were to recover back wages from February 4, 2022 to the present, she potentially could recover approximately **$73,381.68** [$30.5757 per hour x 40 hours per week x 60 weeks].

40.     In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Darn Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional **$190,792.37** [$30.5757 per hour x 40 hours per week x 156 weeks].

41.     Plaintiff also alleges punitive damages. (Exh. A, Complaint Prayer for Relief ¶ 3.)  Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *Gibson v. Chrysler Corp.*, 261 F.3d 937, 945 (9th Cir. 2001) ("It

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

17

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

is well established that punitive damages are part of the amount in controversy in a civil action."). Plaintiffs in employment cases have been awarded substantial punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Astorga v. Snap-On Logistics Company*, 2017 WL 4335743 (Cal. Super.) (awarding $10,000,000 in punitive damages involving disability discrimination in violation of FEHA claim). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. Indeed, punitive damages awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Punitive damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

42. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See*, *e.g., Gardenhire v. Hous. Auth. Of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim).

43. Lastly, Plaintiff seeks attorneys' fees. Attorneys' fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the court, in its discretion, may award the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(c)(b).

44. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Sasso v. Noble Utah Long Beach*, *LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

18

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY

appropriate and conservative estimate.  Accordingly, attorneys' fees in [a disability discrimination case alleging violations under FEHA] may reasonably be expected to equal at least **$30,000** (100 hours x $300 per hour)." *Id.*  Thus, Plaintiff's demand for attorneys' fees adds, at minimum, $30,000 to the amount in controversy. *See e.g., Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706070057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

45.    In sum, although Defendant does not concede Plaintiff's disability claims (causes of action 10 through 13) have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's disability claims alone conservatively amounts to **$294,174.05**.  This amount does not even include emotional distress damages or punitive damages, which may reasonably be estimated to the be in the range of $1,176,696 (four times the amount of actual damages) to $10,000,000.00.

### 2.    There Is At Least $10,000 In Controversy Based On Plaintiff's Individual Wage And Hour Claims

46.    In addition to Plaintiff's disability claims, Plaintiff's fourth and fifth causes of action assert that Defendant is liable for not providing meal and rest periods. (Exh. A, Compl. at ¶¶ 92-99.)  As explained above, an employer who fails to provide a meal or rest period is liable for "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(b).  Here, Plaintiff "may recover up to two additional hours of pay on a single work day for meal period and rest period violations—one for failure to provide a meal period and another for failure

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

to provide a rest period." *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th at 70.  The amount in controversy as it relates to Plaintiff's fourth and fifth causes of action will be calculated by:

Hourly Rate x Number of Alleged Unpaid Rest Breaks + Hourly Rate x Number of Alleged Unpaid Meal Breaks

   a. <u>Hourly Rate</u>.  Plaintiff's hourly rate was $30.5757. (Kopra Decl. ¶ 6.)

   b. <u>Number of alleged unpaid meal and rest breaks</u>.  During the putative class period, from February 1, 2019 through February 25, 2023, Plaintiff worked approximately 77 weeks. (Kopra Decl. ¶ 7.)  Plaintiff alleges that Plaintiff was never provided compliant rest breaks because, "DEFENDANT'S policy restricted PLAINTIFF . . . from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF . . . cannot leave the work premises during their rest period."  (Exh. A, Compl. at ¶ 12.)  Plaintiff further alleges that "Plaintiff . . . [was] periodically denied [her] proper rest periods by Defendant and Defendant's managers." (*Id*. at ¶ 97.)  Plaintiff alleges that "Defendant from time to time failed to provide all the legally required off-duty meal breaks to Plaintiff". (*Id*. at ¶ 93.)  Here, assuming a conservative 10% violation rate for meal and rest breaks, the amount in controversy related to these two claims is at least **$2,354.33** [$30.5757 per hour x 77 workweeks x 5 days per week x 10% violation rate x 2 (one meal break and one rest break)].  *Avila v. Rule21, Inc.*, 432 F. Supp. 3d 1175 (E.D. Cal. 1175) ("District courts have found . . . that violation rates of 25% to 60% can be reasonably assumed as a matter of law based on 'pattern and practice' or "policy and practice" allegation.")

47. Plaintiff's seventh cause of action alleges failure to reimburse Plaintiff for required expenses. (Exh. A, Compl. at ¶¶ 104-107.)  Plaintiff alleges that Defendant's policy and practice was not to reimburse for expenses resulting from using their personal cellular phones and home offices within the course and scope of

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

20

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

employment for Defendant. (*Id.* at ¶ 106.)   Plaintiff demands reimbursement for expenditures or losses incurred with interest at the statutory rate and costs under California Labor Code section 2802. (*Id.* at ¶ 107.)  Plaintiff worked approximately 77 weeks from December 2019 to February 4, 2022. (Kopra Decl. ¶ 7.)   Assuming a weekly expense under-reimbursement amount of $10, the amount in controversy on this claim is approximately $**770.00** (77 weeks x $10 per week).

48.     Plaintiff's eighth cause of action alleges waiting time penalties for Defendant's failure to pay final wages when due. (Exh. A, Compl. at ¶¶ 108-115.) California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. *See* Cal. Lab. Code § 201.  California Labor Code section 203 provides for one-day's wages for each day an employee who has separated from his or her employment is not paid all wages owed, up to thirty days of wages. *See* Cal. Labor Code § 203.   Plaintiff was terminated on February 4, 2022. (Kopra Decl. ¶ 7.) Plaintiff was regularly scheduled to work eight hours per day. (Kopra Decl. ¶ 6.) Accordingly, the amount in controversy for Plaintiff's eighth cause of action is **$7,338.17** ($30.5757 per hour x 8 hours per day x 30 days).

49.     In sum, although Defendant does not concede Plaintiff's wage and hour claims have any merit, when the relief sought by Plaintiff for her wage and hour claims plus her disability claims are taken as a whole, the amount in controversy for Plaintiff's claims amounts to over **$304,636.55**, which does not even include all of her alleged claims (e.g., minimum wage, overtime, sick pay) nor reasonable amounts for emotional distress or punitive damages.  This conservative amount significantly exceeds the $75,000 jurisdictional threshold.   Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI.    NOTICE OF REMOVAL TO COURT AND PARTIES

50.     Contemporaneously with filing this Notice of Removal in the United

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE COCA-COLA COMPANY

States District Court for the Central District of California, written notice of this filing will also be given by the undersigned to Plaintiff's counsel of record: Norman B. Blumenthal, Kyle R. Nordrehaug, Aparajit Bhowmik, Nicholas J. De Blouw, Blumenthal Nordrehaug Bhowmik De Blow LLP, 2255 Calle Clara, La Jolla, CA 92037. In addition, a copy of this Notice of Removal will be filed with the Clerk of Court of the County of Orange, as required by 28 U.S.C. § 1446(d).

## VII. CONCLUSION

Defendant therefore removes this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated:        March 30, 2023

LITTLER MENDELSON, P.C.

Sophia B. Collins
Anthony Ly
Yuri Choy

Attorneys for Defendant
THE COCA-COLA COMPANY

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
THE COCA-COLA COMPANY